■ GENERAL GLASS INDUSTRIES CORP., Appellant, v SEAGRAVE FINANCE CORPORATION et al., Respondents. SEAGRAVE CORPORATION, Respondent, v GENERAL GLASS INDUSTRIES CORP. et al., Appellants. — Order of the Supreme Court, New York County, entered August 26, 1980, to the extent that it denied plaintiff's motion for a protective order and denied the striking and vacatur of the interrogatories served by defendant upon plaintiff, affirmed, with costs. We are in accord with our dissenting brother that the abuses to which discovery proceedings are sometimes subject merit strong condemnation. Our point of difference stems from our conclusion that the assertion of this claim comes with ill grace from the plaintiff in this case. Throughout the deposition of Arthur Balik, president of plaintiff corporation, every effort was made to frustrate defendant's endeavor to acquire legitimate and pertinent information. Questions were objected to and the witness instructed not to answer. There were constant confrontations between counsel, initiated for the most part by the attorney for the plaintiff. In sum, although there purports to be a substantial transcript of an examination before trial, there was little or no disclosure. We recognize that the normal procedure to be followed where there is a persistent refusal to comply with discovery procedures is a prompt application to Special Term for rulings. However, the efficacy of such procedure depends on the willingness of a party to abide by the rules and the rulings. Where a party, by its conduct, had made plain that it will bend every effort to frustrate disclosure, it is highly unlikely that recourse to such procedure will prove fruitful. In such case the remedy is to compile a record which will form the basis for the imposition of sanctions. That is precisely what defendant is here attempting to do. Although the interrogatories are numerous, they deal, in the main, with documents which are germane to the suit. It is, therefore, appropriate that the types of documents sought to be disclosed be described in detail. Special Term held them proper. In the circumstances here presented, we cannot say that its holding constituted an abuse of discretion. Concur — Birns, J.P., Carro, Bloom and Fein, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the order of Special Term to the extent appealed from and grant plaintiff's motion for a protective order striking the interrogatories served by defendants in April, 1980. The abuse of disclosure proceedings has become an open scandal. More and more we see disclosure procedures being used as a device to wear the other side down, increasing the burden of pretrial proceedings to the point of overshadowing and sometimes intolerably postponing or making economically impossible the determination on the merits. If plaintiff has stubbornly failed to comply with disclosure proceedings brought with reasonable promptness, or has failed to answer proper questions, defendants should promptly and diligently apply for rulings or sanctions. But there is no excuse for serving a complete new set of interrogatories seven years after the action has begun. In addition, the interrogatories are extremely burdensome; they are 24 pages long; they consist of 43 numbered questions, many of them with subdivisions, and they include the pernicious practice of including eight pages of "instructions" and "definitions", whose effect is to multiply exponentially the burden of the interrogatories.